# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>    Plaintiff,<br><br>v.<br><br>Mark Meadows,<br><br>    Defendant. | No. CR-24-01285-001-PHX-JJT<br><br>**ORDER** |

At issue is Defendant's Notice of Removal of Criminal Prosecution Pursuant to 28 U.S.C. §§ 1442 and 1455 and Request for Leave to File Notice Based on Good Cause (Doc. 1). As a preliminary step, the Court will direct the Clerk of Court to open this matter on the Court's civil docket. While Defendant seeks to remove his state criminal prosecution to this Court, the process Congress has established for the Court to determine whether removal is proper is itself a civil proceeding. *See, e.g.*, 28 U.S.C. § 1455(a) (providing a "Procedure for Removal of Criminal Prosecutions" requiring the proponent of removal to "file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure[.]"). If the Court ultimately determines that removal shall be permitted pursuant to 28 U.S.C. § 1455(b)(5), at that point the Court will open a matter on the criminal docket under which the case would proceed.

Section 1455(b)(5) further provides that if this Court does not order summary remand of the matter, it shall order an evidentiary hearing to be held promptly, and

thereafter make disposition of the matter as justice shall require. The Court therefore will order an evidentiary hearing.

Section 1455 is silent as to how or when, in the process set forth for evaluating the Notice of Removal, the Court is to receive briefing from the state. The Court concludes that the approach Judge Jones took in *State of Georgia v. Mark R. Meadows*[1]—involving Defendant's attempt to remove his criminal prosecution in Georgia state court to the United States District Court for the Northern District of Georgia pursuant to his status as a federal officer under Section 1442—best serves efficiency of these proceedings. It therefore will follow suit and order the State of Arizona to file responsive briefing to the Notice of Removal in advance of the evidentiary hearing.

**IT IS ORDERED** setting this matter for an Evidentiary Hearing on Thursday, **September 5, 2024, at 9:00 AM** (Arizona time) in Courtroom 505, 401 W. Washington Street, Phoenix, AZ  85003 before Judge John J. Tuchi.

**IT IS FURTHER ORDERED** that the State of Arizona shall file any briefing in response to the Notice of Removal by Monday, **August 26, 2024**, not to exceed 17 pages. The Court will permit reply briefing, not to exceed 11 pages, by Thursday, **August 29, 2024**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter and reopen it on the Court's civil docket, migrating all docket entries from this matter to the docket in new civil matter CV-24-02063-PHX-JJT.

. . .

. . .

. . .

. . .

. . .

---

[1] No. 1:23-CV-03621-SCJ (N.D. Ga. 2023); *see also* 692 F.Supp. 3d 1310 (N.D. Ga. 2023). Defendant calls this Court's attention to the removal proceedings before Judge Jones by, among other things, citing and attaching substantial evidence he provided in that matter, including his testimony at the evidentiary hearing Judge Jones held pursuant to Section 1455, in support of his arguments for removal here.

**IT IS FURTHER ORDERED** that, at this time, no further filings shall be made and no hearings shall be set under Case No. CR-24-01285-001-PHX-JJT, and all further filings shall be made and hearings shall be set under Case No. CV-24-02063-PHX-JJT.

Dated this 14th day of August, 2024.

Honorable John J. Tuchi
United States District Judge