Anne Chapman (#025965)
Lee Stein (#012368)
Kathleen E. Brody (#026331)
anne@mscclaw.com
lee@mscclaw.com
kathy@mscclaw.com
MITCHELL | STEIN | CAREY | CHAPMAN, PC
2600 North Central Avenue, Suite 1000
Phoenix, AZ 85004
Telephone: (602) 358-0290
Facsimile: (602) 358-0291

George J. Terwilliger III*
P.O. Box 74
Delaplane VA 20144
George@gjt3law.com
*Pro Hac Vice

*Attorneys for Mark Meadows*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Mark Meadows,<br><br>　　　　Defendant. | No. CV-24-02063-001-PHX-JJT<br><br>**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY AT REMOVAL HEARING REGARDING THE ROLE AND RESPONSIBILITIES OF CHIEFS OF STAFF** |

　　　　Defendant Mark Meadows moves the Court in limine to preclude the State of Arizona from offering testimony of Richard Painter and other witnesses during the Evidentiary Hearing set for September 5, 2024, on Defendant's request to remove his state criminal prosecution to federal court. As Mr. Meadows understands it, the State intends to offer opinion testimony from Mr. Painter, and perhaps others, that is irrelevant

to the current proceedings, is otherwise inadmissible for various reasons, and will not be helpful to the Court in deciding the present issue. This testimony should be precluded.

1.  **Introduction**

The State informed counsel for Mr. Meadows that, during the hearing on Mr. Meadows's request to remove this state prosecution to federal court, it intends to offer opinion testimony from Richard Painter, who is a professor of corporate law at the University of Minnesota law school. Mr. Painter's university biography indicates that he is a scholar of "government ethics." *See* https://law.umn.edu/profiles/richard-w-painter. His biography lists expert testimony experience in cases "involving securities transactions and the professional responsibility of lawyers" but lists no previous expert experience relevant to this matter.

Mr. Painter should be precluded from testifying at the hearing. In the current proceeding, his testimony is irrelevant, inadmissible, and unhelpful. Federal Rules of Evidence 702 and 704 do not allow Mr. Painter's proposed opinion testimony, and his proposed testimony is based on unreliable and inadmissible materials, which taken together are not at all relevant or material to the current issue before the Court. In his request to remove this case to federal court, Mr. Meadows has a low burden to meet, akin to the standard on a Rule 12(b) motion to dismiss, to satisfy the requirements for removal under the Federal Officer Removal statute. The Court should not allow the State to present Mr. Painter's proposed testimony at this stage. Such evidence **might** be relevant to the ultimate merits of Mr. Meadows's Supremacy Clause immunity defense, but the Court should take up that issue only **after** it decides the question of removal.

2.  **Mr. Painter's Opinion Testimony Is Inadmissible Under Federal Rule of Evidence 702.**

A witness may provide expert opinion testimony only if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the

evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. Fed. R. Evid. 702.

Mr. Painter's proposed testimony meets none of these requirements. Mr. Painter's opinions are not based on scientific, technical, or other specialized knowledge and will not assist this Court to "understand the evidence or to determine a fact in issue." As noted in Defendant's Bench Memorandum filed September 3, 2024, the standard that governs Mr. Meadows's request for removal is the deferential standard akin to Rule 12(b). Under that standard, the Court must accept Mr. Meadows's allegations as true and determine all reasonable inferences in his favor at this stage. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Under this standard, Mr. Painter's opinions about the Chief of Staff role, about which he has no scientific, technical, or other specialized knowledge, will not help the Court "understand the evidence" relevant to its decision on removal.

There is also no need to "determine a fact in issue." The questions before the Court are whether the State's allegations relate to Mr. Meadows's role as Chief of Staff and whether he has a colorable federal defense. These are legal conclusions for the Court to draw. *See Leite*, 749 F.3d at 1121 (court determines whether allegations are sufficient as a legal matter to invoke removal); *see Sun v. Tucker*, 946 F.2d 901 (10th Cir. 1991) (table) (propriety of removal is a legal determination for court) (citing cases).

As discussed below, factual disagreements about the appropriate scope of the Chief of Staff role may be relevant to Mr. Meadows's Supremacy Clause immunity defense, but the merits of that defense should be addressed **after** removal. *Leite*, 749 F.3d at 1124 (defendant is not required to win his case to achieve removal; court must accept defendant's theory of the case). Mr. Painter and others should be precluded from testifying regarding the proper scope of Chief of Staff responsibilities at the evidentiary hearing on removal.

### 3. Mr. Painter's Opinion Is Based on Inadmissible and Unreliable Evidence.

The State has indicated that Mr. Painter intends to base his opinion testimony, at least in part, on a transcript of a March 7, 2022 interview of Cassidy Hutchinson by the Select Committee to Investigate the January 6 Attack on the United States Capitol ("the Committee"). Ms. Hutchinson was a White House aide and assistant to Mr. Meadows during his tenure as Chief of Staff. Mr. Painter's reliance on this testimony is prohibited by *Trump v. United States,* 144 S. Ct. 2312, 2340 (2024).

In Ms. Hutchinson's interview, which represents one of several conflicting statements she gave to the Committee,[1] Ms. Hutchinson voiced her speculations and observations of Mr. Meadows during her time as his assistant. Those observations are, obviously, directly related to Mr. Meadows's execution of **his** official duties as Chief of Staff. Thus, Ms. Hutchinson's interview statements cannot be used as evidence, for any purpose, in this prosecution of Mr. Meadows, including during these removal proceedings. *See Trump*, 144 S. Ct. at 2340.

In *Trump*, the Supreme Court held that evidence of official conduct may not be introduced to help secure a conviction on charges purportedly based on unofficial conduct. *Id.* at 2341. Although *Trump* itself addresses the official acts of the President, its holding applies equally to Mr. Meadows in his role as Chief of Staff. The Court held that "[w]hat the prosecutor **may not do** . . . is **admit testimony** or private records of the President **or his advisers probing the official act itself.** . . . [S]uch inspection would be highly intrusive and would seriously cripple the President's exercise of his official duties. . . . And such second-guessing would threaten the independence or effectiveness of the Executive." *Id.* at 2321 n.3 (cleaned up) (emphasis added). Indeed, it would raise serious separation-of-powers issues for a court to even begin parsing Ms. Hutchinson's various statements concerning Mr. Meadows and what she observed as his assistant. *See Cheney*

---

[1] The interviews Ms. Hutchinson provided to the Committee, including the one that the State indicated Mr. Painter intends to rely on, have not been disclosed to the defense as part of the State's disclosure obligations under Arizona state law.

-4-

*v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 383-91 (2004). In short, *Trump* prohibits the Court from accepting Ms. Hutchinson's statements as evidence for any purpose, including as materials that may be relied on for opinion testimony.

Ms. Hutchinson's unsworn statements are also unreliable and not the proper basis for an expert opinion because they are: (1) admittedly based on her speculation about events she did not attend, for which she was not personally present, and about which she has no personal knowledge (*see* Fed. R. Evid. 602); (2) represent multiple layers of inadmissible hearsay not subject to any exceptions (*see* Fed. R. Evid. 802-805); and (3) are rife with multiple internal inconsistencies and conflicts – the State should not be able to present its cherry-picked statement from one of several conflicting accounts given by Ms. Hutchinson, without subjecting those statements to cross examination.

**4.    Mr. Painter's Testimony Is Inadmissible Under Federal Rule of Evidence 704.**

While expert testimony concerning an ultimate issue is not per se improper, "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017). Moreover, in a criminal case, an expert witness cannot state an opinion about whether the defendant did or did not have a condition that constitutes an element of the crime charged or of a defense. Fed. R. Evid. 704.

Here, Mr. Painter's testimony would run afoul of Rule 704 and case law governing expert testimony. Mr. Painter's proposed opinions as to whether there are: (1) a "causal nexus" between the charges against Mr. Meadows and his position as Chief of Staff, and (2) a colorable federal defense are legal conclusions for the Court to draw. *See Leite*, 749 F.3d at 1121; *Sun*, 946 F.2d at 901. It would be improper for Mr. Painter or others to testify regarding opinions on those legal issues. *Diaz*, 876 F.3d at 1197

**5.    Mr. Painter's Testimony Is Not Relevant to the "Causal Nexus" Standard.**

A defendant seeking removal must show a causal nexus between the charged conduct and his official duties. 28 U.S.C. § 1442(a)(1); *DeFiore v. SOC LLC*, 85 F.4th

546, 553 (9th Cir. 2023). Mr. Meadows has adequately alleged, and supported with competent evidence, that the charges against him are connected or related to his actions as Chief of Staff to the President. All the charged conduct occurred while Mr. Meadows was Chief of Staff to President Trump, and it all relates to communications and meetings that Mr. Meadows handled on behalf of the President.

Because the Court must credit Mr. Meadows's theory of the case in determining the "causal nexus" element necessary for removal, *Leite*, 749 F.3d at 1121, Mr. Painter's or other witnesses' opinions on the scope of the Chief of Staff duties are not relevant to the current question before the Court. Those opinions will not assist the Court's removal determination given the low showing necessary to meet the "causal nexus" requirement for removal. *DeFiore*, 85 F.4th at 557 n.6.

**6. Mr. Painter's Testimony Is Not Relevant to the Colorable Federal Defense Showing.**

A defendant seeking removal must also identify a colorable federal defense. *DeFiore*, 85 F.4th at 553. Mr. Meadows has met the burden of showing his federal defense of Supremacy Clause immunity which bars this prosecution by the State of Arizona. His conduct in question occurred while he was Chief of Staff to the President and in the course of his duties in that position.

No opinion that Mr. Painter or others could offer would be relevant to this question. If material at all, such opinions about the scope of Chief of Staff duties might go to the merits of Mr. Meadows's Supremacy Clause defense, but only **after** the Court decides removal. This testimony should be precluded.

### 7. Conclusion

For the foregoing reasons, the Court should preclude the State of Arizona from offering any opinion testimony at the September 5, 2024 Evidentiary Hearing from Richard Painter or any other witness on the scope of Defendant's role and responsibilities as President Trump's Chief of Staff.

RESPECTFULLY SUBMITTED on September 3, 2024.

MITCHELL | STEIN | CAREY | CHAPMAN, PC

By: */s/ Anne Chapman*
    Anne Chapman
    Lee Stein
    Kathleen E. Brody

    George J. Terwilliger III*
    * *Pro Hac Vice*

    *Attorneys for Defendant Mark Meadows*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2024, I electronically transmitted the attached Motion in Limine with the Clerk of the Court using the CM/ECF System, which will send notification of filing to all registered parties.

__*/s/ PLMcClellan*__